IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MANUEL LOVATO,

       Plaintiff,

   v.

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____

Civ. No. 6:16-cv-00046-JR

FINDINGS & RECOMMENDATION

RUSSO, Magistrate Judge:

      Plaintiff Manuel Lovato, seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. For the reasons set forth below, the decision of the Commissioner should be REVERSED and REMANDED for further proceedings.

## BACKGROUND

      Plaintiff was born on October 18, 1961. Tr. 27. He has a limited education and is able to communicate in English. Id. Plaintiff filed an SSI application on November 3, 2011, alleging disability based on diabetes, anxiety, depression, ankle injury, vision loss, and knee pain in both knees, with an onset date of March 1, 2008. Tr. 19, 124. His application was denied initially and upon review. Tr. 19. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and appeared telephonically at a hearing held on November 14, 2013. Id. On April 25, 2014, the ALJ issued a decision finding plaintiff not disabled. Tr. 29. On November 6, 2015,

the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. Tr. 1. This appeal followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." Keyser v. Comm'r, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). An impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c); 416.920(c). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This

is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. Id.

See also Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. Id. at 953. The Commissioner bears the burden of proof at step five. Id. at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." Tackett v. Apfel, 180 F.3d 1094, 1100 (9th Cir. 1999); see also 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. Bustamante, 262 F.3d at 953-54.

## THE ALJ'S FINDINGS

The ALJ performed the sequential analysis. At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since the filing date, November 3, 2011, although the ALJ

noted that plaintiff's "[e]xtensive history of incarceration" had interfered with his ability to find employment. Tr. 21. At step two, the ALJ determined plaintiff had the following severe impairments: anxiety disorder, depressive disorder, anti-social behavior disorder, substance abuse, left knee degenerative joint disease, and cirrhosis of the liver. Tr. 22. At step three, the ALJ determined plaintiff's impairments did not meet or medically equal one of the listed impairments. Tr. 23.

The ALJ then assessed plaintiff's RFC and determined plaintiff could perform less than the full range of light work with the following additional limitations: the work must be unskilled, repetitive, and routine; no contact with the public and only occasional contact with supervisors and coworkers; even assuming he is "off-task" at work 9% of the time, he still meets the minimum production requirements of the job; he cannot stoop, climb, crawl, kneel, balance, or crouch; and he can do no work at any height. Tr. 24.

At step four, the ALJ determined plaintiff could not perform past relevant work. Tr. 27. At step five, the ALJ found plaintiff had the RFC to perform work as an electronics assembler and basket filler. Tr. 28. Accordingly, the ALJ found plaintiff not disabled. Tr. 29.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted). In reviewing the Commissioner's alleged errors, this court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion."

Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion. Batson, 359 F.3d at 1198 (citing Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995)). A reviewing court, however, cannot affirm the Commissioner's decision on a ground that the agency did not invoke in making its decision. Stout v. Comm'r, 454 F.3d 1050, 1054 (9th Cir. 2006). Finally, a court may not reverse an ALJ's decision on account of an error that is harmless. Id. at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Shinseki v. Sanders, 556 U.S. 396, 409 (2009).

## DISCUSSION

Plaintiff asserts the ALJ erred by improperly rejecting the opinion of the examining psychologist and assessing a limitation in the RFC that was not supported by substantial evidence.

### I. Medical Opinion Evidence

Plaintiff asserts the ALJ erred by rejecting the opinion of Dr. Jody Guyette, Psy. D. The ALJ is responsible for resolving conflicts in the medical record, including conflicting physicians' opinions. Carmickle v. Comm'r, 533 F.3d 1155, 1164 (9th Cir. 2008). Courts recognize three types of medical opinion sources: treating physicians, examining physicians, and non-examining physicians. "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). "The opinion of an examining physician is, in turn, entitled to greater weight

than the opinion of a nonexamining physician." Id. The ALJ can reject the uncontroverted opinion of a treating or examining physician only for "clear and convincing" reasons supported with substantial evidence in the record. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (internal quotation marks and citation omitted). Even if a treating or examining doctor's opinion is contradicted by another doctor, the ALJ can reject it only by providing "specific and legitimate reasons" that are supported by substantial evidence. Id.

Plaintiff was examined by Dr. Guyette on February 25, 2012. Tr. 305. Dr. Guyette diagnosed plaintiff with antisocial personality disorder, polysubstance dependence with full sustained remission, and alcohol dependence with "full sustained remission per claimant report." Tr. 308. Dr. Guyette declined to endorse a diagnosis for anxiety or depression. Id. Dr. Guyette concluded that plaintiff "would have difficulty with simple and repetitive tasks as well as detailed and complex tasks," as well as "significant difficulty" interacting with coworkers, supervisors, or the public. Tr. 309.

During the exam, plaintiff reported that he used to drink heavily, but since the removal of his gallbladder he only "has a beer every once in awhile." Tr. 306-07. Plaintiff admitted to drinking one beer before the examination because he was anxious. Tr. 307. Dr. Guyette noted a "faint odor of beer," as well, but reported plaintiff "did not appear inebriated and there were no other signs of drug or alcohol use." Id.

The ALJ gave some weight to Dr. Guyette's opinion, noting that the limitations she assessed regarding interactions with coworkers and supervisors, as well as difficulty with simple repetitive tasks were given less weight because plaintiff did not endorse depression and anxiety and "[s]igns of continued alcohol consumption give rise to an inference that the mental limitations as described have been exacerbated by alcohol use." Tr. 26.

From this record, it is not clear how a non-endorsement of depression or anxiety contradicts Dr. Guyette's findings as to plaintiff's cognitive limitations or difficulties in interacting with coworkers or supervisors. Moreover, the ALJ does not clearly articulate any connection. While plaintiff admitted to having "a beer" before his examination, Dr. Guyette noted that plaintiff did not appear inebriated and she expressed no indication that alcohol use interfered with plaintiff's performance during the exam. The ALJ's inference that plaintiff's mental limitations were exacerbated by alcohol use is not supported by substantial evidence.

The Commissioner argues that the Court should infer that the ALJ relied on the opinions of the non-examining doctors, Dr. Martin Lahr and Dr. Bill Hennings, in assigning reduced weight to the opinion of Dr. Guyette. The ALJ does not cite to the opinions of Dr. Lahr or Dr. Hennings as a basis for discounting the opinion of Dr. Guyette. Courts must review the ALJ's decision "based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." Bray v. Comm'r, 554 F.3d 1219, 1225 (9th Cir. 2009).

Furthermore, the opinion of a non-examining physician, by itself, is insufficient to constitute substantial evidence to reject the opinion of a treating or examining physician. Widmark v. Barnhart, 454 F.3d 1063, 1066 n.2 (9th Cir. 2006). While the opinion of a non-examining physician may serve as substantial evidence in rejecting the opinion of an examining or treating physician when that opinion is "consistent with independent clinical findings or other evidence in the record," Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002), the ALJ has identified no such evidence here.

The ALJ erred by failing to adequately explain or support his decision to assign reduced weight to the opinion of Dr. Guyette. If credited, Dr. Guyette's opinion might have altered the outcome of this case, and so the error cannot be considered harmless.

## II. Plaintiff's RFC

The ALJ is responsible for resolving conflicts in the medical testimony and translating a claimant's impairments into concrete functional limitations in the RFC. <u>Stubbs-Danielson v. Astrue</u>, 539 F.3d 1169, 1174 (9th Cir. 2008). Only limitations supported by substantial evidence must be incorporated into the RFC and, by extension, the dispositive hypothetical question posed to the Vocational Expert ("VE"). <u>Osenbrock v. Apfel</u>, 240 F.3d 1157, 1163-65 (9th Cir. 2001).

During the hearing, the ALJ asked the VE for "the maximum percentage of time that employers would tolerate an employee being off task as long as they still meet minimum production requirements." Tr. 67-68. The VE testified that employers would "probably" tolerate an employee being off task 9% of the time, however, an employee who was off task 10% of the time would not be able to sustain employment. Tr. 68.

In formulating plaintiff's RFC, the ALJ determined that plaintiff would be off task 9% of the time while working, but would still be able to meet the minimum production requirements of his job. Tr. 24, 26. The ALJ identified Dr. Guyette's report as the basis for this conclusion, but it is unclear how the ALJ derived a 9% limitation from Dr. Guyette's findings.

Based on this record, the Court is unable to discern what substantial evidence supported the ALJ's conclusion that plaintiff would be off task 9% of the time, beyond the VE's testimony that a larger percentage would necessitate a finding of disability.

## III. Remand

The Ninth Circuit provides that an award of benefits is appropriate where three prerequisites are met: (1) the record is fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has not provided legally sufficient reasons for rejecting the evidence; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). The decision to remand for an award of benefits is always discretionary, and the court may decline to do so if there is "serious doubt" the claimant is disabled. Id. at 1021.

As previously discussed, the ALJ failed to provide legally sufficient reasons for discounting portions of Dr. Guyette's report. The Court finds, however, there remains conflicts and ambiguities in the record, especially in terms of reconciling Dr. Guyette's report with the reports of the non-examining physicians and the record as a whole. Furthermore, it is not clear that even crediting Dr. Guyette's report as true, whether the ALJ would be required to find plaintiff disabled.

Accordingly, the Court should remand this matter for further administrative proceedings consistent with this Findings and Recommendation, specifically to allow the ALJ reevaluate Dr. Guyette's opinion, to reassess plaintiff's RFC, and to determine whether plaintiff is disabled.

## RECOMMENDATION

Pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner should be REVERSED and REMANDED for further proceedings consistent with this Findings and Recommendation.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 9th day of May 2017.

    s/Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge